IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nathaniel Murray,                )
                                 )
            Petitioner,          )
                                 )   C/A No.: 0:18-cv-0960-TLW
      v.                         )
                                 )
Warden Stephan,                  )
                                 )
            Respondent.          )
_____)

## ORDER

Petitioner Nathaniel Murray, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254. ECF No. 1, 10. On July 13, 2018, Respondent filed a motion for summary judgment, ECF No. 17, which Petitioner opposed, ECF No. 33. This matter now comes before the Court for review of the Report and Recommendation (the Report) filed on November 29, 2018, by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 37. In the Report, the Magistrate Judge recommends granting the Respondent's motion for summary judgment and dismissing the petition. *Id*. Petitioner filed objections to the Report on December 14, 2018, ECF No. 40, to which Respondent responded, ECF No. 41. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, the record, and the objections. Although Petitioner states generally that he would be prejudiced by dismissal of the petition, he does not state sufficient grounds for this Court to reject the conclusion by the Magistrate Judge that grounds one, two, four, and five are procedurally defaulted/barred. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Lawrence v. Branker*, 517 F.3d 700, 715 (4th Cir. 2008); *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997). In addition, Petitioner does not object to the

Magistrate Judge's recommendation regarding ground three, and therefore the Court accepts the recommendation to dismiss ground three. Lastly, Petitioner states in his objections that his trial counsel was ineffective for failing "to request a jury charge regarding circumstantial evidence which informs the jury that the circumstantial of guilt must poit [*sic*] conclusively to the guilt of the accused on the exclusion of every other reasonable hypothesis." ECF No. 40 at 9. This is a new ground for relief that was not presented in Petitioner's petition, amended petition,[1] response to summary judgment, or state court filings. ECF Nos. 1, 10, 16, 33. Therefore, the claim is not peroperly before this Court at this time. However, even if it were, this ground is procedurally barred because Petitioner's argument has not been presented to the state courts and he has not shown cause and prejudice. *Coleman*, 501 U.S. at 750; *Lawrence*, 517 F.3d at 715; *Matthews*, 105 F.3d at 910–11.

After careful consideration, **IT IS ORDERED** that the Report, ECF No. 37, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 40, are **OVERRULED**. Respondent's motion for summary judgment, ECF No. 17, is **GRANTED** and the Amended Petition, ECF No. 10, is hereby **DISMISSED**.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is

---

[1] The Court notes that Petitioner has not made a motion to amend his petition to add this additional ground. However, even if the Petitioner sought to include this ground in a second amended petition, the claim is procedurally defaulted for the reasons stated herein.

advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/Terry L. Wooten</u>  
Senior United States District Judge

March 5, 2019  
Columbia, South Carolina